UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:26-CV-00128-MEO-WCM

SHERIF ANTOUN PHILIPS,          )
                                )
            Plaintiff,          )
                                )          MEMORANDUM & ORDER
      v.                        )
                                )
PITT COUNTY MEMORIAL            )
HOSPITAL, INC., et al.          )
                                )
            Defendants.         )
                                )

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss and For Prefiling Injunction (Doc. No. 18). For the reasons explained below, the Court will grant Defendants' Motion to Dismiss. Plaintiff is further cautioned against filing additional frivolous or improper actions in this District.

## I.   BACKGROUND

This action is *pro se* Plaintiff's ninth lawsuit arising out of the suspension and revocation of his medical staff privileges at Pitt County Memorial Hospital, Inc. and subsequent related litigation.[1] (Doc. No. 19 at 3–10). In this case, Plaintiff purports to bring claims against Defendants Pitt County Memorial Hospital, Inc., David Creech, Jay Salsman, Michael Berman, and Daniel Berman based on alleged violations of the Fair Debt Collection Practices Act, the Equal Access to Justice Act, the U.S. Constitution, and 42 U.S.C. § 1983. (Doc. No. 1 at 1). Among other things,

---

[1] The Court will refer to relevant portions of the procedural history. Defendants' memorandum in support of their motion provides a more complete procedural history. *See* (Doc. No. 19 at 3–10).

Plaintiff appears to be seeking reconsideration of various rulings by state and other federal courts. *Id.* at 2–11. Plaintiff's Complaint is silent as to venue. Concerning jurisdiction, the Complaint states:

> The Eastern District Court of North Carolina botched the the [sic] plaintiff's claims before And [sic] even the plaintiff was forbidden to file any claims over there. All of [sic] the plaintiff is asking for a fair trial and to follow the law as prescribe [sic]. So plaintiff is seeking the Western District Court of NC away from the friendly neighborhood court where failure to state a claim (Rule 12), Statue of limitations, and lack of Jurisdiction pertained only to the defendants[.]

(Doc. No. 1 at 2).

Plaintiff's allegations focus on events occurring in Guam and the Eastern District of North Carolina. *Id.* at 2–10. The Complaint does not mention any events occurring in this District nor does it allege that Plaintiff or any Defendant resides here. *Id.* Rather, based on the summons, the individual Defendants reside in either Guam or the Eastern District of North Carolina, and Defendant Hospital is located in the Eastern District of North Carolina. (Doc. No. 3). In his Complaint, Plaintiff further alleges that his "state of domicile is Florida." (Doc. No. 1 at 2).[2]

Plaintiff concludes his Complaint by stating:

> Guam Courts botch [sic] plaintiff's claims where the plaintiff was treated in discriminatory matter as ProSe and breaching his constitutional right for fair trial and was named vexatious litigant without evidence. Even the Guam Courts acted without jurisdiction over the plaintiff's complaint honored the local lawyer's transgression and looting & garnishing the plaintiff's money, modifying the core of plaintiff's claim against the local lawyer and the plaintiff's claim was denied due to lack of juristiction [sic].

---

[2] Plaintiff lists a Guamanian return address on the summons. *See* (Doc. No. 3).

2

> Also, enforce Rule 21 to transfer the plaintiff's claim out of
> the Guam Courts for the interest of justice. Follow the law
> as prescribed and stop the creativity and lawyer gimmicks
> . . .

(Doc. No. 1 at 11).

## II.    DISCUSSION

Defendants move to dismiss the Complaint for improper venue. (Doc. No. 19–22).[3] In his opposition, Plaintiff does not respond to Defendants' argument regarding venue. *See* (Doc. Nos. 23 & 24).

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a court may dismiss a case for improper venue. Fed. R. Civ. P. 12(b)(3). Further, 28 U.S.C. § 1406(a) provides that when venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). Specifically, 28 U.S.C. § 1391(b) provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all
> defendants are residents of the State in which the district
> is located;
>
> (2) a judicial district in which a substantial part of the
> events or omissions giving rise to the claim occurred, or a

---

[3] Because the Court grants Defendants' motion to dismiss for improper venue, the Court does not reach Defendants' other arguments regarding dismissal.

> substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

If the case falls into one of those three categories, "venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const. Co.*, 571 U.S. at 56. "[T]he plaintiff bears the burden of showing that venue is proper." *Hagins v. Myers*, No. 3:25-CV-00538-KDB-SCR, 2025 WL 2480132, at *1 (W.D.N.C. Aug. 13, 2025).

In this case, the individual Defendants reside outside of this District, and Defendant Hospital is located in the Eastern District of North Carolina. There is also no evidence—or even allegation—otherwise showing a connection or affiliation of the Hospital to the Western District of North Carolina.[4]  Further, this action arises out of events that occurred in the District of Guam and the Eastern District of North Carolina, and Plaintiff does not allege any events occurring in the Western District of North Carolina. Therefore, under § 1391(b), venue is improper in this District.

Because venue is improper, the Court must either dismiss the case or "if it be in the interest of justice" transfer the case to a district in which the case could have been brought. 28 U.S.C. § 1406(a). "When venue would be proper in another district under § 1391, transfer is preferred over dismissal unless there is evidence that a case

---

[4] Entities are deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

was brought in an improper venue in bad faith or in an effort to harass a defendant." *Hagins*, 2025 WL 2480132, at *1. Here, the allegations in Plaintiff's Complaint occurred in District of Guam and the Eastern District of North Carolina. However, the Court notes the United States District Courts for the District of Guam and the Eastern District of North Carolina have already entered prefiling injunctions against Plaintiff in related cases. *See* Order Re Pre-Filing Procedure for Vexatious Litigant, *Philips v. Pitt Cnty. Mem'l Hosp. Inc., et al.*, No. 23-00025 (D. Guam Dec. 17, 2024), (Doc. No. 44); Order of Prefiling Injunction, *Philips v. Pitt Cnty. Mem'l Hosp. Inc., et al.*, No. 4:24-cv-98 (E.D.N.C. Oct. 21, 2024), (Doc. No. 56). In light of those orders, the Court finds the interest of justice does not require this matter to be transferred, and this case will be dismissed.

Further, Plaintiff is strongly **CAUTIONED** against filing additional frivolous or improper actions in this District. Doing so may result in the imposition of **sanctions** and/or **prefiling injunctions** that would limit Plaintiff's ability to file further lawsuits in this Court.

## III.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED**;

2. All remaining motions (Doc Nos. 4, 5, 7, 10, 13, 14, 17, 23, 24, 25, 30, 31, 32, & 33) are **DENIED as MOOT**; and

3. Plaintiff is strongly **CAUTIONED** against filing additional frivolous or improper actions. Doing so may result in the imposition of sanctions

and/or prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court; and

4. The Clerk is directed to close this case.

**SO ORDERED.**

Signed: May 18, 2026

Matthew E. Orso
United States District Judge